# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 350 WEST ASH URBAN HOME, INC., *et al.*,<br><br>　　　　　　　Plaintiffs,<br>vs.<br><br>EVEREST INDEMNITY INSURANCE COMPANY., *et al.*,<br><br>　　　　　　　Defendants. | Case No. 13-cv-18-W(BGS)<br><br>**ORDER DENYING EVEREST'S MOTION TO DISMISS ISOP'S CROSS-CLAIM [DOC. 29]** |
| AND RELATED CROSS ACTIONS. | |

　　　On November 16, 2012, Plaintiffs 350 West Ash Urban Home, Inc. ("Urban Homes"), 350 W.A. LLC ("350 W.A."), B&H Property Systems, Inc. ("B&H"), and David A. Blackburn commenced this action against Defendants Everest Indemnity Insurance Company ("Everest") and the Insurance Company of the State of Pennsylvania ("ISOP") in the San Diego Superior Court. Thereafter, ISOP removed this action to this Court, and ISOP and Everest filed cross-claims against each other. Everest now moves to dismiss ISOP's First Amended Cross-Claim ("FACC") under Federal Rule of Civil Procedure 12(b)(7). ISOP opposes.

The Court decides the matter on the papers submitted and without oral argument. See Civ. L. R. 7.1(d.1). For the reasons discussed below, the Court **DENIES** Everest's motion to dismiss.

## I. BACKGROUND

Everest issued a commercial general liability policy to its named insured, 350 West Ash, LLC, effective from December 3, 2003 to December 21, 2005 ("Everest Policy"). (FACC ¶ 7.) Highland Home Builders, Inc. ("Highland") was also an insured under the Everest Policy. (Id.) The policy is "a project-specific policy, and only insures 'bodily injury', 'property damage', or 'personal injury and advertising injury' that occurs during the policy period." (Id.) It also provided limits in the amount of $2 million each occurrence, $2 million general aggregate, and $2 million products completed operations hazard ("PCOH") aggregate, and required satisfaction of a $50,000 per-occurrence SIR by the named insured for each and every "occurrence" plus an additional SIR amount as set forth in the SIR endorsement. (Id.)

ISOP also issued a Follow Form Excess Liability Policy, effective from April 14, 2004 to December 31, 2005 ("ISOP Policy"). (FACC ¶ 8.) According to ISOP, "[e]xcept where inconsistent, the ISOP Policy follows the terms, exclusions, conditions and endorsements of the Everest Policy," and "provides limits of liability in the amount of $3 million for each occurrence and $3 million for the products completed operations aggregate." (Id.)

ISOP emphasizes endorsements entitled "Defense Expenses Within Limits" and "Self Insured Retention Endorsement" included in the Everest Policy. (FACC ¶¶ 42–43.) The former "provide[d], in pertinent part, that Everest's 'defense expenses' reduce the Limits of Insurance 'allocated to a specific claim or suit' and are subject to the SIR(s) on the Everest Policy." (Id. ¶ 42.) ISOP identifies six provisions in the latter, which provided, for example, that ISOP's "obligation to pay damages applies only to damages in excess of the Self Insured Retention" and "duty to defend the insured

1  arises only after the Self Insured Retention is exhausted." (Id. ¶ 43.) The six provisions
2  also covered ISOP's obligation to pay "defense expenses," and right to participate and
3  exercise control of any defense, as well as Everest's right to obtain any insurance
4  applying the Self Insured Retention. (Id.)

5        According to ISOP, "Everest assumed control of the defense in the Highland
6  Lawsuit and the HOA Lawsuit prior to the proper satisfaction of the per occurrence
7  SIR(s), and . . . has been and continues to improperly erode its Limits with 'defense
8  expenses in the HOA Lawsuit." (FACC ¶ 45.) ISOP further alleges that "Everest's
9  improper erosion of its Limits prematurely exposes the ISOP Policy with respect to
10 covered claims," and under the terms of the Everest Policy, Everest's "duty to defend
11 ends when [Everest] have [sic] used up the applicable limit of Insurance in the payment
12 of judgments or settlements 'defense expenses[.]'" (Id. ¶¶ 45–46 (internal quotation
13 marks omitted).)

14       In July 2012, Everest informed Plaintiffs and Highland—all of whom were insured
15 under the two policies—that the Everest Policy was "nearing exhaustion" and that
16 Everest "would cease defending Plaintiffs and the Highland entities upon exhaustion
17 of the policy." (Pls.' Am. Compl. ¶ 29.) In light of this, Plaintiffs tendered their
18 continuing defense to ISOP. (Id.) In response, ISOP informed Plaintiffs that ISOP
19 disputed: (1) whether the Everest Policy was actually exhausted; and (2) whether the
20 Everest policy was "properly" exhausted. (Id. ¶ 30.) On these two bases, ISOP has
21 refused to defend or indemnify Plaintiffs. (Id.)

22       On January 3, 2013, Plaintiffs removed this action to this Court. On February
23 4, 2013, ISOP filed a cross-claim against Everest, and shortly thereafter, Everest
24 countered, filing a cross-claim of its own against ISOP. On December 2, 2013, ISOP
25 filed an answer to Plaintiffs' amended complaint that includes an amended cross-claim.
26 In its cross-claim, ISOP three claims: (1) declaratory judgment; (2) equitable
27 subrogation; and (3) equitable contribution. Everest now moves to dismiss ISOP's
28 cross-claim under Rule 12(b)(7). ISOP opposes.

## II. LEGAL STANDARD

A party may move to dismiss a case for "failure to join a party under Rule 19." Fed. R. Civ. P. 12(b)(7); see also Camacho v. Major League Baseball, — F.R.D. —, 2013 WL 6730173, at *3 (S.D. Cal. 2013) (Lorenz, J.). Rule 19 imposes a three-step inquiry: (1) Is the absent party necessary (i.e., required to be joined if feasible) under Rule 19(a)?; (2) If so, is it feasible to order that absent party to be joined?; and (3) If joinder is not feasible, can the case proceed without the absent party, or is the absent party indispensable such that the action must be dismissed? Salt River Project Agric. Improvement & Power Dist. v. Lee, 672 F.3d 1176, 1179 (9th Cir. 2012). The terms "necessary" and "feasible" are "terms of art in Rule 19 jurisprudence": "Necessary" refers to a party who should be joined if feasible; and "indispensable" refers to "a party whose participation is so important to the resolution of the case that, if the joinder of the party is not feasible, the suit must be dismissed." Disabled Rights Action Comm. v. Las Vegas Events, Inc., 375 F.3d 861, 867 n.5 (9th Cir. 2004). The failure to join a party under Rule 19 can only lead to dismissal of a suit where the court cannot obtain jurisdiction over the necessary party and that party is determined to be indispensable to the action. See Fed. R .Civ. P. 19(a).

"The Ninth Circuit has held that a court should grant a 12(b)(7) motion to dismiss only if the court determines that joinder would destroy jurisdiction and the nonjoined party is necessary and indispensable." Biagro W. Sales Inc. v. Helena Chem. Co., 160 F. Supp. 2d 1136, 1141 (E.D. Cal. 2001). "A motion to dismiss for failure to join an indispensable party requires the moving party to bear the burden in producing evidence in support of the motion." Id. "A Rule 12(b)(7) motion for failure to join an indispensable party demands a fact specific and practical inquiry." Id.; see Makah Indian Tribe v. Verity, 910 F.2d 555, 558 (9th Cir. 1990). "To determine whether Rule 19 requires the joinder of additional parties, the court may consider evidence outside the pleadings." McShan v. Sherrill, 283 F.2d 462, 464 (9th Cir. 1960).

//

## III. DISCUSSION

A party is necessary if: (1) complete relief cannot be granted in the party's absence; or (2) the district court determines that "the absent party's participation is necessary to protect its legally cognizable interests or to protect other parties from a substantial risk of incurring multiple or inconsistent obligations because of those interests." Disabled Rights Action Comm., 375 F.3d at 878 (quoting Fed. R. Civ. P. 19(a)). Such a legally cognizable interest must be more than a financial stake in the outcome of the litigation. Makah Indian Tribe, 910 F.2d at 558. Defendants demonstrate that the Red Devils and the Mexican League are necessary parties under the latter of the two aforementioned definitions. See Disabled Rights Action Comm., 375 F.3d at 878.

Under Rule 19(a)(1)(B)(i), an absent party is necessary if it "has a *legally protected interest* in the suit" and "that interest will be *impaired or impeded* by the suit." Makah Indian Tribe, 910 F.2d at 558 (emphasis in original). "Impairment may be minimized if the absent party is adequately represented in the suit." Id. It is also a "fundamental principle" that "a party to a contract is necessary, and if not susceptible to joinder, indispensable to litigation seeking to decimate that contract." Dawavendewa v. Salt River Project Agric. Improvement & Power Dist., 276 F.3d 1150, 1157 (9th Cir. 2002).

Alternatively, under Rule 19(a)(1)(B)(ii), an absent party is also necessary if there is a potential risk that adjudicating an action without the absent party could leave an existing party open to "incurring double, multiple, or otherwise inconsistent obligations." Fed. R. Civ. P. 19(a)(1)(B)(ii). The Ninth Circuit has stated that

> "[i]nconsistent obligations" are not . . . the same as inconsistent adjudications or results. Inconsistent obligations occur when a party is unable to comply with one court's order without breaching another court's order concerning the same incident. Inconsistent adjudications or results, by contrast, occur when a defendant successfully defends a claim in one forum, yet loses on another claim arising from the same incident in another forum.

Cahill Dehe Band of Wintun Indians of the Colusa Indian Cmty. v. California, 547 F.3d 962, 976 (9th Cir. 2008) (quoting Delgado v. Plaza Las Americas, Inc., 139 F.3d 1, 3 (1st Cir. 1998)).

"If an absentee is a necessary party under Rule 19(a), the second stage is for the court to determine whether it is feasible to order that the absentee be joined." Equal Emp't Opportunity Comm'n v. Peabody W. Coal Co., 400 F.3d 774, 779 (9th Cir. 2005). Rule 19(a) sets forth three circumstances in which joinder is not feasible: (1) when venue is improper; (2) when the absentee is not subject to personal jurisdiction; and (3) when joinder would destroy subject matter jurisdiction. See id. (citing Fed. R. Civ. P. 19(a); Tick v. Cohen, 787 F.2d 1490, 1493 (11th Cir. 1986)).

Everest argues that dismissal of ISOP's cross-claim is appropriate under Rule 12(b)(7) and Rule 19 because Plaintiffs and Highland are necessary and indispensable parties absent from the cross-claim, "whose rights could be severely prejudiced depending on this Court's interpretation of the [sic] their policies." (Everest's Mot. 6:17–20, 9:5–13:19.) However, the important matter here is what Everest fails to argue.

Assuming, for the sake of argument, that Everest adequately demonstrated that Plaintiffs and Highland are necessary parties to ISOP's cross-claim, the next step in Rule 19's three-step inquiry is whether it is feasible for the court to order the absent parties to be joined. See Salt River Project, 672 F.3d at 1179. But Everest wholly fails to address in its motion the feasibility of joining Plaintiffs and Highland to ISOP's cross-claim. And feasibility of joinder must be determined before the court may proceed to determine whether the absent parties are indispensable. See Kescoli v. Babbitt, 101 F.3d 1304, 1309 (9th Cir. 1996). This omission is particularly perplexing given Everest's recognition of this integral step in the Rule 19 analysis: Everest states in its motion that "it must first be determined whether the absent party is necessary to adjudicate the action and *whether joinder is feasible*." (Everest's Mot. 8:8–10 (emphasis added).) It is also worth noting that Everest's reply brief is devoid of any reference to

feasibility of joinder. In fact, the words "feasible" or "feasibility" do not appear even once throughout the entire reply brief. Consequently, even if Everest adequately demonstrated that Plaintiffs and Highland are necessary parties, it fails to carry its burden under Rule 12(b)(7) and Rule 19 to demonstrate that it is not feasible for the Court to order the absent parties joined in ISOP's cross-claim.

## IV.   CONCLUSION & ORDER

In light of the foregoing, the Court **DENIES** Everest's motion to dismiss ISOP's cross-claim. (Doc. 29.)

**IT IS SO ORDERED.**

**DATE: April 24, 2014**

_____
**HON. THOMAS J. WHELAN**
United States District Court
Southern District of California