# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 350 WEST ASH URBAN HOME, INC., a California corporation; 350 W.A. LLC, a California limited liability company; B&H PROPERTY SYSTEMS, INC., a California corporation; and DAVID A. BLACKBURN, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>EVEREST INDEMNITY INSURANCE COMPANY, a Delaware corporation; THE INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA, a qualified Pennsylvania corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.: 13-CV-18 JLS (DHB)<br><br>**ORDER ON MOTIONS IN LIMINE**<br><br>(ECF Nos. 83, 84, 85, 94, 95) |

Presently before the Court are Defendant Everest Indemnity Insurance Company's Motions in Limine to Exclude: (1) All Evidence Relating to "Opportunity Cost" Damages (ECF No. 83); All Evidence Relating to "Highlighted Invoices" (ECF No. 84); and (3) All Damages, Documents, and Witnesses Not Properly Disclosed (ECF No. 85) (collectively, Defendant's MILs), as well as Plaintiffs 350 West Ash Urban Home, Inc.; 350 W.A. LLC; B&H Property Systems, Inc.; and David A. Blackburn's Motions in Limine to Exclude:

1  (1) Reference to Unrelated Litigation (ECF No. 94), and (2) Everest's Belatedly Proffered
2  Excuses for Denying Plaintiffs' Claim and Everest's Own Bad Faith (ECF No. 95)
3  (collectively, Plaintiffs' MILs).  Also before the Court are Defendants' Oppositions to
4  Plaintiffs' MILs (ECF Nos. 99, 102, respectively), Plaintiffs' Oppositions to Defendants'
5  MILs (ECF Nos. 97, 98, 100, respectively), Defendants' Replies in Support of Defendant's
6  MILs (ECF Nos. 103, 104, 105, respectively), Plaintiffs' Replies in Support of Plaintiffs'
7  MILs (ECF Nos. 106, 107, respectively), and Plaintiffs' supporting exhibits (ECF Nos. 96,
8  108).  A hearing was held on June 23, 2016.  Having considered the parties' arguments and
9  the law, the Court **GRANTS** Defendant's first MIL (ECF No. 84), **DENIES** Defendants'
10 second MIL (ECF No. 85), **DENIES** Defendant's third MIL (ECF No. 85), **GRANTS**
11 Plaintiffs' first MIL (ECF No. 95), and **DENIES** Plaintiffs' second MIL (ECF No. 96),
12 although the Court reiterates that these rulings may be revisited during the trial for good
13 cause.

14      In its first MIL, Defendant asks the Court to exclude all evidence and testimony as
15 to Plaintiff Blackburn's lost opportunity cost damages.  (*See generally* ECF No. 83.)
16 Plaintiffs counter that they are seeking only prejudgment interest, which the Court may—
17 in its discretion—award at a rate higher than 10%.  (*See* Pls.' 1st Opp'n 5–7, ECF No. 97.)
18 Under the plain language of California Civil Code § 3289, however, the Court finds that it
19 is not able to award prejudgment interest at a rate higher than 10% per year.  *See* Cal. Civ.
20 Code § 3289(b) ("If a contract entered into after January 1, 1986, does not stipulate a legal
21 rate of interest, the obligation shall bear interest at a rate of 10 percent per annum after a
22 breach."); *see also* Cal. Const. art. XV, § 1 ("The rate of interest upon a judgment rendered
23 in any court of this state shall be set by the Legislature at not more than 10 percent per
24 annum.").  The cases Plaintiffs cite do not compel a different conclusion.  Consequently,
25 Plaintiffs may not seek prejudgment interest greater than 10% per year.  To the extent
26 Plaintiffs are, as Defendant argues, seeking damages other than prejudgment interest and
27 akin to lost opportunity costs, those damages were not properly disclosed to Defendant
28 under Rule 26.  Because this failure to disclose was not substantially justified or harmless,

it mandates exclusion under Rule 37.  Accordingly, the Court **GRANTS** Defendant's first motion in limine (ECF No. 83), thereby precluding Plaintiffs from offering any evidence or argument regarding lost opportunity costs.

Defendant's second motion in limine asks the Court to exclude all evidence or testimony relating to the "highlighted entries" on the Wayne Thomas & Associates invoices. (*See generally* ECF No. 84.)  It appears to the Court that mistakes were made on both sides: although Plaintiff Blackburn's specious invocation of the attorney-client privilege deprived Defendant of a fair opportunity to conduct discovery, the Court also questions whether Plaintiff Blackburn was the proper party to depose.  The Court therefore **DENIES** Defendant's second motion in limine (ECF No. 84), but **REOPENS DISCOVERY** to August 1, 2016 as to the reasons any particular billing entries were highlighted.

In its third motion in limine, Defendant broadly requests exclusion of all damages, documents, and witnesses not properly disclosed.  (*See generally* ECF No. 85.) Specifically, Defendant requests that the Court preclude evidence of opportunity cost damages "or any other non-disclosed damages" (*id.* at 12), as well as "any exhibits not properly disclosed and/or exchanged" (*id.* at 15).  To the extent this motion is not duplicative of Defendant's first motion in limine, the Court **DENIES** Defendant's third motion in limine. (ECF No. 85.)  Objections to "any other non-disclosed damages" or "any exhibits not properly disclosed and/or exchanged" are far too broad, *see, e.g.*, *Actuate Corp. v. Aon Corp.*, No. C 10-05750 WHA, 2012 WL 2285187, at *4 (N.D. Cal. June 18, 2012), and may therefore be renewed at trial on an item-by-item basis.

Plaintiffs' first motion in limine seeks exclusion of all evidence of the Hoko, Helleis, and Century Actions. (*See generally* ECF No. 94.)  Because the Court concludes that these actions are irrelevant to the issues in the current action—and because Defendant did not object to the Court's tentative to that effect—the Court **GRANTS** Plaintiffs' first motion in limine.  (ECF No. 94.)  Accordingly, Defendants are precluded from introducing evidence or testimony regarding these three lawsuits at trial.

In their second motion in limine, Plaintiffs ask the Court to exclude all evidence related to Defendant's denial of Plaintiffs' claim and in support of Defendant's claim that it did not commit bad faith.  (*See generally* ECF No. 95.)  Because this motion in impermissibly broad, *see Actuate Corp.*, 2012 WL 2285187, at *4, the Court **DENIES** Plaintiffs' second motion in limine (ECF No. 95).  Plaintiffs may, of course, renew their objections to specific evidence at trial.

## CONCLUSION

In light of the foregoing, the Court **GRANTS** Defendant's first MIL (ECF No. 84), **DENIES** Defendants' second MIL (ECF No. 85), **DENIES** Defendant's third MIL (ECF No. 85), **GRANTS** Plaintiffs' first MIL (ECF No. 95), and **DENIES** Plaintiffs' second MIL (ECF No. 96).  The Court **HEREBY REOPENS DISCOVERY** <u>to August 1, 2016</u> as to the highlighted invoices.  Any disputes are to be directed to Magistrate Judge Jill L. Burkhardt.  Additionally, the Court **HEREBY DIRECTS** the parties to contact Magistrate Judge Burkhardt, or a private mediator of their choosing, to further explore alternative resolution of this case.

**IT IS SO ORDERED.**

Dated:  June 27, 2016

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge