UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 350 WEST ASH URBAN HOME, INC. et al.,<br><br>                    Plaintiffs,<br><br>v.<br><br>EVEREST INDEMNITY INSURANCE COMPANY,<br><br>                    Defendant. | Case No.: 13-cv-18 JLS (JLB)<br><br>**ORDER SETTING SETTLEMENT CONFERENCE** |

**IT IS HEREBY ORDERED** that a Settlement Conference will be held on **October 21, 2016**, at **9:00 AM** in the Chambers of Magistrate Judge Jill L. Burkhardt, Edward J. Schwartz U.S. Courthouse, 221 West Broadway, Suite 5140, San Diego, California 92101.

The following are **mandatory** directions for the parties preparing for the Settlement Conference. **Absent express permission obtained from this Court, and notwithstanding the pendency of any motion, counsel shall <u>timely</u> comply with the dates and deadlines ordered herein.**

    1.    **Purpose of Conference**: The purpose of the Settlement Conference is to permit an informal discussion between the attorneys, parties, and the settlement judge of every aspect of the lawsuit in an effort to achieve an early resolution of the case. All Settlement Conference discussions will be informal, off the record, privileged, and confidential. Counsel for any non-English speaking parties is responsible for arranging for the appearance of an interpreter at the Settlement Conference.

2.      **Personal Appearance of Parties Required**:  All parties, adjusters for insured defendants, and other representatives of a party having full settlement authority as explained below, and the principal attorneys responsible for the litigation, must be present **in person** and legally and factually prepared to discuss settlement of the case.  Counsel appearing without their clients (whether or not counsel has been given settlement authority) will be cause for immediate imposition of sanctions and may also result in the immediate termination of the Settlement Conference.  If each of the principal attorneys responsible for the litigation is not listed on the docket as an "*ATTORNEY TO BE NOTICED*," then they each shall enter their appearance on the docket as soon as practicable, but in no event later than **ten calendar days** prior to the Settlement Conference.

Unless there are extraordinary circumstances, persons required to attend the Settlement Conference pursuant to this Order shall not be excused from personal attendance.  **Requests for excuse from attendance for extraordinary circumstances shall be filed as a motion at least ten calendar days prior to the conference.**  Failure to attend the conference or obtain proper excuse will be considered grounds for sanctions.

3.      **Full Settlement Authority Required**:  In addition to counsel who will try the case, a party or party representative with full settlement authority[1] must be present for the Settlement Conference.  In the case of a corporate entity, an authorized representative of the corporation who is not retained outside counsel must be present and must have discretionary authority to commit the company to pay an amount up to the amount of the Plaintiff's prayer (excluding punitive damages prayers).  The purpose of this requirement

---

[1] "Full settlement authority" means that the individuals at the settlement conference must be authorized to explore settlement options fully and to agree at that time to any settlement terms acceptable to the parties.  *Heileman Brewing Co. v. Joseph Oat Corp.*, 871 F.2d 648, 653 (7th Cir. 1989).  The person needs to have "unfettered discretion and authority" to change the settlement position of a party.  *Pitman v. Brinker Int'l, Inc.*, 216 F.R.D. 481, 485-86 (D. Ariz. 2003).  The purpose of requiring a person with unlimited settlement authority to attend the conference contemplates that the person's view of the case may be altered during the face to face conference.  *Id*. at 486.  A limited or a sum certain of authority is not adequate.  *See Nick v. Morgan's Foods, Inc.*, 270 F.3d 590, 595-97 (8th Cir. 2001).

1 is to have representatives present who can settle the case during the course of the Settlement
2 Conference without consulting a superior.

3       4. **<u>Settlement Conference Statements Required</u>**: On or before **<u>October 14,
4 2016</u>**, the parties shall lodge statements of **five pages** or less directly to the chambers of
5 Magistrate Judge Burkhardt outlining the nature of the case, the claims, the defenses, and
6 the parties' positions regarding settlement of the case.  The settlement position must
7 include a specific and current demand or offer addressing all relief or remedies sought.  If
8 a specific demand or offer cannot be made at the time the brief is submitted, then the
9 reasons therefor must be stated along with a statement as to when the party will be in a
10 position to state a demand or offer.  A general statement that a party will "negotiate in good
11 faith," "offer a nominal cash sum," or "be prepared to make an offer at the conference" is
12 not a specific demand or offer.  The statement shall also **list all attorney and non-attorney
13 conference attendees** for that side, including the name(s) and title(s)/position(s) of the
14 party/party representative(s) who will attend and have settlement authority at the
15 conference.

16     The parties' confidential settlement conference statements shall be **<u>lodged</u>** via e-mail
17 at efile_burkhardt@casd.uscourts.gov.  **The statements shall not be filed via the Court's
18 CM/ECF system.**  If exhibits are attached and the total submission amounts to more than
19 20 pages, a hard copy must also be delivered directly to chambers.  **Whether these
20 statements are submitted confidentially or whether they are served on opposing
21 counsel is within the parties' discretion.**

22 Dated: September 30, 2016

                               *Jill Burkhardt*
                             Hon. Jill L. Burkhardt
                             United States Magistrate Judge